IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARIA DEVLIN and JULIE THUMM,** individually and on behalf of all persons similarly situated, | : : : : | Civil Action No.: |
| | : | Complaint — Class & Collective Action |
| Plaintiffs, | : : | Jury Trial Demanded |
| v. | : : | |
| **FERRANDINO & SON, INC.** | : : | |
| Defendant. | : : | |

### CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiffs Maria Devlin and Julie Thumm (collectively, "Plaintiffs"), through their undersigned counsel, individually and on behalf of all persons similarly situated, file this Class and Collective Action Complaint against Defendant Ferrandino & Son, Inc. ("Defendant" or "Ferrandino"), seeking all available relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA") and Pennsylvania state law.  Plaintiffs and other Account Managers were misclassified as exempt from the FLSA and Pennsylvania state law, and were not paid overtime until January 4, 2015, when Defendant reclassified its Account Managers as non-exempt.  Defendant did not pay Account Managers back wages for overtime previously worked.  The following allegations are based on personal knowledge as to Plaintiffs' own conduct and are made on information and belief as to the acts of others.

### JURISDICTION AND VENUE

1. Jurisdiction over Plaintiffs' FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiffs'

state law claims because those claims derive from a common nucleus of operative facts.

3. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.  The events giving rise to Plaintiffs' claims occurred within this District, and Defendant conducts business in this District and is incorporated in the State of Pennsylvania.

**PARTIES**

4. Plaintiff Maria Devlin is an individual currently residing in King of Prussia, Pennsylvania.  Devlin worked for Defendant as an Account Manager in Pennsylvania between July 2012 and August 2013, and between May 2014 and November 2014.  Devlin's written consent to be a Plaintiff in this action pursuant to 29 U.S.C. § 216(b) is attached hereto as Exhibit A.

5. Plaintiff Julie Thumm is an individual currently residing in Collegeville, PA. Thumm worked for Defendant as an Account Manager in Pennsylvania between March 2012 and December 2014.  Thumm's written consent to be a Plaintiff in this action pursuant to 29 U.S.C. § 216(b) is attached hereto as Exhibit B.

6. Defendant Ferrandino & Son, Inc. ("Defendant" or "Ferrandino") is a corporation that maintains its operational headquarters in Audubon, Pennsylvania (Montgomery County) and is incorporated in Pennsylvania.  Ferrandino is a service supply chain management provider for more than 50,000 locations throughout the United States, including in this Judicial District.

7. Ferrandino contracts a variety of facility and landscaping service providers for its clients, including but not limited to HVAC, electrical, snow removal, and plumbing.

8. Ferrandino employed Plaintiffs and has employed and continues to employ similarly situated employees.

9. Ferrandino employs individuals engaged in commerce or in the production of

goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as required by 29 U.S.C. §§ 206-207.

10. Ferrandino's annual gross volume of sales made or business done exceeds $500,000.

## CLASS DEFINITIONS

11. Plaintiffs bring Count I of this lawsuit pursuant to the FLSA, 29 U.S.C. § 216(b) as a collective action on behalf of themselves and the following class:

> All persons who worked for Ferrandino & Son, Inc. ("Ferrandino") as Account Managers in the United States between September 3, 2012 and January 4, 2015 (the "FLSA Class").

12. Plaintiffs bring Counts II and III of this lawsuit as a class action pursuant to FED. R. CIV. P. 23, on behalf of themselves and the following class:

> All persons who worked for Ferrandino & Son, Inc. ("Ferrandino") as Account Managers in Pennsylvania between September 3, 2011[1] and January 4, 2015 (the "Pennsylvania Class").

13. The FLSA Class and the Pennsylvania Class are together referred to as the "Classes."

14. Plaintiffs reserve the right to redefine the Classes prior to notice or class certification, and thereafter, as necessary.

## FACTS

15. Ferrandino is a service supply chain management company that coordinates and facilitates the provision of services such as snow removal, landscaping, HVAC and maintenance

---

[1] The statute of limitations on Plaintiffs' unjust enrichment claim is four years. Therefore, employees may be members of the Pennsylvania Class if they were employed on or after September 3, 2011, for at least one of the Claims alleged on behalf of the Pennsylvania Class.

to its clients in this Judicial District and throughout the United States.

16. Between July 2012 and August 2013, and between May 2014 and November 2014, Devlin was employed as an Account Manager with Ferrandino in Pennsylvania.

17. Between March 2012 and December 2014, Thumm was employed as an Account Manager with Ferrandino in Pennsylvania.

18. Ferrandino employs Account Managers, such as Plaintiffs and the Classes, to accept incoming work orders, dispatch technicians and other service providers, monitor progress of service requests, and handle billing for completed services.

19. Account Managers, such as Plaintiffs, all work in Ferrandino's Pennsylvania or New York offices, and perform services for Ferrandino's clients via telephone or email.

20. Plaintiffs and Account Managers are not exempt under the FLSA or PMWA.

21. Plaintiffs and Account Managers' primary responsibilities were client and vendor maintenance set in a call center environment subject to the guidelines, procedures, and compliance standards set by Ferrandino.

22. Plaintiffs and Account Managers' primary duties consisted of providing Ferrandino's clients technicians and service providers for specific facility maintenance requests, such as plumbing, electrical, or snow removal within specific timelines set by client and Ferrandino. Plaintiffs and Account Managers received morning reports of the days' open work orders from their Operations Manager.

23. Plaintiffs and Account Managers were required to follow guidelines, procedures, and compliance standards set by Ferrandino.

24. Plaintiffs and Account Managers did not have the authority to hire or fire other employees. All decisions regarding hiring and firing are handled by upper-level managers.

25. Plaintiffs routinely worked up to five (5) days per week and on average nine (9) hours per day. Account Managers routinely worked similar schedules.

26. Plaintiffs were provided with an hour lunch, but routinely worked through their lunch period without extra pay. Account Managers routinely worked similar schedules, and Ferrandino was aware of and permitted this practice.

27. Plaintiffs also performed "Project Work." Project Work is work done between the hours of 5:30 p.m. to 9:00 p.m. Monday through Friday and 7:00 a.m. to 9:00 p.m. Saturday through Sunday. Project Work includes dispatching and confirming completion of work for Ferrandino's clients. Project Work was assigned by Ferrandino in addition to the regularly scheduled forty (40) hours of work per week. Account Managers routinely were assigned Project Work.

28. Plaintiffs also worked overnight shifts, which consists of working between 9:00 p.m. and 7:00 a.m. During overnight shifts, Plaintiffs were required to handle emergency requests. Account Managers routinely volunteered for overnight shifts.

29. Ferrandino paid Plaintiffs and Account Managers a fixed salary based on a forty (40) hour workweek.

30. In addition to the salary, Ferrandino paid Plaintiffs and Account Managers at a straight hourly rate of twenty-five ($25) dollars per hour for Project Work.

31. Ferrandino also paid Plaintiffs and Account Managers a lump sum payment of between sixty ($60) and one hundred ($100) dollars per overnight shift.

32. Plaintiffs and Class Members are required to complete weekly records, which detail the tasks performed for the client, and the total hours worked.

33. Ferrandino did not properly pay Plaintiffs and the Classes overtime compensation

for hours worked in excess of forty (40) per workweek.

34.     Beginning on or around January 4, 2015, Ferrandino changed its pay policy and began paying Plaintiffs and the Classes hourly and paid overtime compensation at time and one half (1 ½) their regular rate for all hours worked over forty (40) in a workweek.  Ferrandino did not pay Plaintiff and the Classes any back pay for overtime worked during the previous three (3) years.

35.     Ferrandino has acted willfully and/or with reckless disregard of the FLSA by failing to pay for overtime compensation for hours worked in excess of forty (40) during the workweek at a rate of time and one half (1 ½) the Account Manager's regular rate.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

36.     Plaintiffs bring this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the FLSA Class defined above.

37.     Plaintiffs desire to pursue his FLSA claim on behalf themselves and any individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

38.     Plaintiffs and the FLSA Class are "similarly situated," as that term is used in 29 U.S.C. § 216(b), because, *inter alia*, all such individuals worked pursuant to Ferrandino's previously described common pay practices and, as a result of such practices, were not paid the full and legally mandated overtime premium for hours worked over forty (40) during the workweek.  Resolution of this action requires inquiry into common facts, including, *inter alia*, Ferrandino's common compensation, timekeeping and payroll practices.

39.     Specifically, Ferrandino paid Plaintiffs and the FLSA Class a set salary for forty (40) hours, and failed to pay overtime at time and a half (1 ½) the employee's regular rate as required by the FLSA for hours worked in excess of forty (40) per workweek.

40. The similarly situated employees are known to Ferrandino, are readily identifiable, and may be located through Ferrandino's records and the records of any payroll companies Ferrandino utilizes.

41. Ferrandino employs many FLSA Class Members throughout the United States. These similarly situated employees may be readily notified of this action through direct U.S. mail and/or other appropriate means, and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

42. Plaintiffs bring this action as a class action pursuant to FED. R. CIV. P. 23 on behalf of themselves and the Pennsylvania Class defined above.

43. The members of the Pennsylvania Class are so numerous that joinder of all members is impracticable. Upon information and belief, there are more than forty (40) members of the Pennsylvania Class.

44. Plaintiffs will fairly and adequately represent and protect the interests of the Pennsylvania Class because there is no conflict between the claims of Plaintiffs and those of the Pennsylvania Class, and Plaintiffs' claims are typical of the claims of the Pennsylvania Class. Plaintiffs' counsel are competent and experienced in litigating class actions and other complex litigation matters, including wage and hour cases like this one.

45. There are questions of law and fact common to the proposed Pennsylvania Class, which predominate over any questions affecting only individual Class members, including, without limitation: whether Ferrandino has violated and continues to violate Pennsylvania law through its policy or practice of not paying its Account Managers for all hours worked and

7

overtime compensation.

46.     Plaintiffs' claims are typical of the claims of the Pennsylvania Class in the following ways, without limitation:  (a) Plaintiffs are members of the Pennsylvania Class; (b) Plaintiffs' claims arise out of the same policies, practices and course of conduct that form the basis of the claims of the Pennsylvania Class; (c) Plaintiffs' claims are based on the same legal and remedial theories as those of the Pennsylvania Class and involve similar factual circumstances; (d) there are no conflicts between the interests of Plaintiffs and the Pennsylvania Class Members; and (e) the injuries suffered by Plaintiffs are similar to the injuries suffered by the Pennsylvania Class members.

47.     Class certification is appropriate under FED. R. CIV. P. 23(b)(3) because questions of law and fact common to the Pennsylvania Class predominate over any questions affecting only individual Class members.

48.     Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein.  Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.  No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.  The Pennsylvania Class is readily identifiable from Ferrandino's own employment records.  Prosecution of separate actions by individual members of the Pennsylvania Class would create the risk of inconsistent or varying adjudications with respect to individual Pennsylvania Class members that would establish incompatible standards of conduct for Ferrandino.

49. A class action is superior to other available methods for adjudication of this controversy because joinder of all members is impractical.  Further, the amounts at stake for many of the Pennsylvania Class members, while substantial, are not great enough to enable them to maintain separate suits against Ferrandino.

50. Without a class action, Ferrandino will retain the benefit of its wrongdoing, which will result in further damages to Plaintiffs and the Pennsylvania Class.  Plaintiffs envision no difficulty in the management of this action as a class action.

## COUNT I
### Violation of the FLSA
### (On Behalf of Plaintiffs and the FLSA Class)

51. All previous paragraphs are incorporated as though fully set forth herein.

52. The FLSA requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1 ½) times the regular rate at which he is employed.  *See* 29 U.S.C. § 207(a)(1).

53. Ferrandino is subject to the wage requirements of the FLSA because Ferrandino is an "employer" under 29 U.S.C. § 203(d).

54. At all relevant times, Ferrandino is an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

55. During all relevant times, Plaintiffs and the FLSA Class are covered employees entitled to the above-described FLSA's protections. *See* 29 U.S.C. § 203(e).

56. Plaintiffs and the FLSA Class are not exempt from the requirements of the FLSA. Plaintiffs and the FLSA Class are entitled to be paid overtime compensation for all hours worked over forty (40) in a workweek pursuant to 29 U.S.C. § 207(a)(1) and 29 C.F.R. § 778.112.

57. Ferrandino's compensation scheme applicable to Plaintiffs and the FLSA Class failed to comply with either 29 U.S.C. § 207(a)(1) or 29 C.F.R. § 778.112.

58. Ferrandino knowingly failed to compensate Plaintiffs and the FLSA Class at a rate of one and one-half (1 ½) times their regular hourly wage for hours worked in excess of forty (40) hours per week, in violation of 29 U.S.C. § 207(a)(1) and 29 C.F.R. § 778.112.

59. Ferrandino also failed to make, keep and preserve records with respect to Plaintiffs and the FLSA Class sufficient to determine their wages, hours, and other conditions of employment, in violation of the FLSA, 29 U.S.C.A. § 211(c); 29 C.F.R. §§ 516.5(a), 516.6(a)(1), 516.2(c).

60. In violating the FLSA, Ferrandino acted willfully and with reckless disregard of clearly applicable FLSA provisions.

**COUNT II**
**Violation of the Pennsylvania Minimum Wage Act**
**(On Behalf Plaintiffs and the Pennsylvania Class)**

61. All previous paragraphs are incorporated as though fully set forth herein.

62. The Pennsylvania Minimum Wage Act of 1968 ("PMWA") requires that covered employees be compensated for all hours worked. *See* 43 P.S. § 333.104(a) and 34 PA. CODE § 231.21(b).

63. The PMWA also requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1 ½) times the regular rate at which he is employed. *See* 43 P.S. § 333.104(c) and 34 PA. CODE § 231.41.

64. Ferrandino is subject to the overtime requirements of the PMWA because Ferrandino is an employer under 43 P.S. § 333.103(g).

65. During all relevant times, Plaintiffs and the Pennsylvania Class were covered

employees entitled to the above-described PMWA's protections. *See* 43 P.S. § 333.103(h).

66. Ferrandino's compensation scheme that is applicable to Plaintiffs and the Pennsylvania Class failed to comply with 43 P.S. §§ 333.104(a) and (c), 34 PA. CODE §§ 231.1(b) and 43(b).

67. Ferrandino failed to compensate Plaintiffs and the Pennsylvania Class at a rate of one and one-half (1 ½) times their regular hourly wage for hours worked in excess of forty (40) hours per week, in violation of 43 P.S. § 333.104(c) and 34 PA. CODE § 231.41.

68. Pursuant 43 P.S. § 333.113, employers, such as Ferrandino, who fail to pay an employee wages in conformance with the PMWA shall be liable to the employee for the wages or expenses that were not paid, court costs and attorneys' fees incurred in recovering the unpaid wages.

## COUNT III
## Unjust Enrichment
## (On Behalf of the Plaintiffs and the Pennsylvania Class)

69. All previous paragraphs are incorporated as though fully set forth herein.

70. Ferrandino has received and benefited from the uncompensated labors of Plaintiffs and the Pennsylvania Class, such that to retain said benefit without compensation would be inequitable and rise to the level of unjust enrichment.

71. At all relevant times hereto, Ferrandino devised and implemented a plan to increase its earnings and profits by fostering a scheme of securing work from Plaintiffs and the Pennsylvania Class without properly paying compensation for all hours worked, including overtime compensation.

72. Contrary to all good faith and fair dealing, Ferrandino induced Plaintiffs and the Pennsylvania Class to perform work while failing to properly compensate for all hours worked as required by law, including overtime compensation.

73. By reason of having secured the work and efforts of Plaintiffs and the Pennsylvania Class without proper compensation as required by law, Ferrandino enjoyed reduced overhead with respect to its labor costs, and therefore realized additional earnings and profits to its own benefit and to the detriment of Plaintiffs and the Pennsylvania Class. Ferrandino retained and continues to retain such benefits contrary to the fundamental principles of justice, equity, and good conscience.

74. Accordingly, Plaintiffs and the Pennsylvania Class are entitled to judgment in an amount equal to the benefits unjustly retained by Ferrandino.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs seek the following relief on behalf of himself and all others similarly situated:

   a. An order permitting this litigation to proceed as an FLSA collective action pursuant to 29 U.S.C. § 216(b);

   b. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential FLSA Class members;

   c. An order permitting this litigation to proceed as a class action pursuant to FED. R. CIV. P. 23 on behalf of the Pennsylvania Class;

   d. Back pay damages (including unpaid overtime compensation, unpaid spread of hours payments, and unpaid wages) and prejudgment interest to the fullest extent permitted under the law;

   e. Liquidated damages to the fullest extent permitted under the law;

   f. Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

   g. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury for all issues of fact.

Dated: September 3, 2015

Respectfully submitted,

BERGER & MONTAGUE, P.C.

*(signature)*

Shanon J. Carson (PA 85957)
Sarah R. Schalman-Bergen (PA 206211)
Alexandra K. Piazza (PA 315240)
Camille Fundora (PA 312533)
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604
scarson@bm.net
sschalman-bergen@bm.net
apiazza@bm.net
cfundora@bm.net

Ryan Allen Hancock (PA 92590)
Bruce Ludwig (PA 23251)
Willig, Williams & Davidson
1845 Walnut Street, 24th Floor
Philadelphia, PA 19103
Telephone: (215) 656-3600
Facsimile: (215) 567-2310
rhancock@wwdlaw.com
bludwig@wwdlaw.com

*Attorneys for Plaintiffs
and the Proposed Classes*