IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARIA DEVLIN and JULIE THUMM, individually and on behalf of all others similarly situated<br>   *Plaintiffs*<br><br>   v.<br><br>FERRANDINO & SON, INC.<br>   *Defendant* | :   CIVIL ACTION<br>:<br>:   NO. 15-4976<br>:<br>:<br>:   CLASS ACTION<br>:<br>:<br>:<br>:<br>: |

**FINAL APPROVAL ORDER**

**AND NOW**, this 9th day of December 2016, upon consideration of the unopposed *motion for final approval of settlement agreement and for approval of attorneys' fees and costs* filed by Plaintiffs Maria Devlin and Julie Thumm ("Plaintiffs") pursuant to 29 U.S.C. § 216(b) and Federal Rule of Civil Procedure ("Rule") 23, [ECF 44], which seeks the approval of the settlement agreement ("Settlement Agreement") between Plaintiffs, individually and as representatives of the class of persons defined below ("Settlement Class"), and Defendant Ferrandino & Sons, Inc. ("Defendant"), and after the fairness hearing held on September 27, 2016, in accordance with Rule 23(e)(2) and 29 U.S.C. § 216(b), it is hereby **ORDERED** that the motion for final approval is **GRANTED**. Consistent with the accompanying Memorandum Opinion and based upon the evidence presented at the fairness hearing, and the review of the submissions of the parties, this Court makes the following determinations:

  1.  This Court has jurisdiction over the subject matter of this lawsuit, Plaintiffs, Settlement Class Members, and Defendant.

  2.  In accordance with the parties' stipulations and this Court's Preliminary Approval Orders, [ECF 40, 41], this matter satisfies the applicable prerequisites for class action treatment

under Rule 23(a) and (b); that is: the Settlement Class, as defined in the Settlement Agreement, is so numerous that joinder of all members is not practicable; there are questions of law and fact common to the Settlement Class; the Plaintiffs' claims are typical of the claims of the Settlement Class; and Plaintiffs will fairly and adequately protect the interests of the Settlement Class. Questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members. These questions include whether Defendant violated the *Fair Labor Standards Act of 1938*, 29 U.S.C. § 201, *et seq.*, ("FLSA"), and the Pennsylvania Minimum Wage Act, 43 P. Cons. Stat. § 333.101, *et seq.*, ("PMWA"), by treating employees designated as "account managers" as exempt employees and failing to pay these employees overtime wages. The treatment of this matter as a class action is superior to other available methods for the fair and efficient adjudication of this action.

3. Previously, this Court approved a form of notice for mailing to the Settlement Class and ordered its dissemination. According to the parties' submissions, the approved form of notice was sent to 319 Settlement Class Members on April 25, 2016.[1] As such, notice to the Settlement Class, as required by Rule 23(e)(1), has been sent and provided in accordance with the Court's Amended Preliminary Approval Order, in an adequate and sufficient manner, constituting the best notice practicable under the circumstances, and satisfying Rule 23(e) and due process.

4. Pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §1715, Defendant timely filed notification of this settlement with the appropriate federal officials. This

---

[1] The Class Notices were mailed to the 319 known Settlement Class Members. On April 29, 2016, an individual who was not on the original class list submitted a signed claim form. [ECF 44-2 ¶ 15]. The parties agreed that this individual should be included in the settlement. (*Id.*). Thus, there are 320 Settlement Class Members.

Court has reviewed such notification and accompanying materials, and finds that the Defendant's notification complies fully with the applicable requirements of CAFA.

5. The Settlement Agreement was reached as a result of arms-length negotiations conducted in good faith by counsel for the parties, and is supported by Plaintiffs.

6. The settlement, as set forth in the Settlement Agreement, is fair, reasonable, and adequate to the members of the Settlement Class in light of the complexity, expense, duration of litigation, and the risks involved in establishing liability, damages, and in maintaining the class action through trial and appeal.

7. The relief provided under the settlement constitutes fair value given in exchange for the releases of claims as set forth in the Settlement Agreement.

8. The relief provided under the settlement constitutes a fair and reasonable resolution of a bona fide dispute between the parties regarding Defendant's FLSA liability.

9. In accordance with the provisions of the Amended Preliminary Approval Order, no Settlement Class Members excluded themselves from the Settlement Class. No Settlement Class Members filed any objections to the Settlement Agreement.

10. Two hundred seventy five (275) of the Settlement Class Members opted into the settlement, and forty five (45) Settlement Class Members did not affirmatively opt in.

11. The parties and each Settlement Class Member have irrevocably submitted to the exclusive jurisdiction of this Court for any suit, action, proceeding, or dispute arising out of the Settlement Agreement.

12. It is in the best interests of the parties and the Settlement Class Members and consistent with principles of judicial economy that any dispute between any Settlement Class Member (including any dispute as to whether any person is a Settlement Class Member) and

Defendant, which in any way relates to the applicability or scope of the Settlement Agreement or the Final Judgment and Order, should be presented exclusively to this Court for resolution.

Accordingly, it is **ORDERED** that:

1. This action is finally certified as a class action against Defendant, on behalf of a Settlement Class defined as follows:

> All current or former employees of Defendant who performed work as Account Managers at any time between September 3, 2011, and January 5, 2015, and all current or former employees of Defendant who performed work as Account Managers and performed On Call Work during at least one work week between January 5, 2015, and October 9, 2015.

2. The Settlement Agreement submitted by the parties is finally approved pursuant to Rule 23(e) as fair, reasonable, and adequate, and in the best interests of the Settlement Class, and approved under 29 U.S.C. § 216(b) as a fair and reasonable resolution of a bone fide dispute over FLSA provisions. The parties are directed to consummate the Settlement Agreement in accordance with its terms.

3. In addition, Class Counsels' attorneys' fees are approved in the amount of $516,667.00, and costs in the amount of $8,813.40 are approved. Payments to Plaintiffs Maria Devlin and Julie Thumm are approved in the amount of $7,500.00 for their service to the Settlement Class and the time and effort spent litigating this action. Payments to Opt-In Plaintiffs Jason Eisenberg, Michael Hagan, and Jennifer Wynne are approved in the amount of $1,000.00 for their role in prosecuting this litigation. Payment to the Angeion Group, LLC ("Settlement Administrator") for its costs incurred to administer the settlement, not to exceed $17,500.00, is also approved.

4. As agreed by the parties in the Settlement Agreement, Defendant was to have wired the Gross Settlement Amount, less all amounts approved by the Court as Class Counsel's

attorneys' fees, but in no event more than $1,033,333.00, to the Settlement Administrator on August 1, 2016. Defendant shall wire the Final Payment, constituting the approved attorneys' fees, to the Settlement Administrator on or before January 2, 2017. These two amounts shall constitute the "Gross Settlement Amount" as defined by the Settlement Agreement.

5. Within three (3) business days of the Effective Date, as that term is defined in the Settlement Agreement, the Settlement Administrator shall make the following disbursements:

(a) the sum of Seven Thousand Five Hundred Dollars ($7,500.00) to Plaintiff Maria Devlin, for her service to the Settlement Class and the time and effort spent litigating this action;

(b) the sum of Seven Thousand Five Hundred Dollars ($7,500.00) to Plaintiff Julie Thumm, for her service to the Settlement Class and the time and effort spent litigating this action;

(c) the sum of One Thousand Dollars ($1,000.00) to Opt-In Plaintiff Jason Eisenberg, for his role in prosecuting this litigation;

(d) the sum of One Thousand Dollars ($1,000.00) to Opt-In Plaintiff Michael Hagan, for his role in prosecuting this litigation; and

(e) the sum of One Thousand Dollars ($1,000.00) to Opt-In Plaintiff Jennifer Wynne, for her role in prosecuting this litigation.

6. Within thirty (30) business days of the Effective Date, the Settlement Administrator shall pay the Settlement Awards, as that term is defined in the Settlement Agreement, and as calculated under the formula set forth in Paragraph 21 of the Settlement Agreement, to the Settlement Class Members.

7. Within three (3) business days of the Effective Date, or after the Final Payment, whichever is later, the Settlement Administrator shall pay Class Counsel the sum of Five Hundred Sixteen Thousand, Six Hundred Sixty-Seven Dollars ($516,667.00) in attorneys' fees and Eight Thousand, Eight Hundred Thirteen Dollars and Forty Cents ($8,813.40) in reasonable costs.

8. The Settlement Administrator shall be paid the costs incurred to administer the settlement, not to exceed Seventeen Thousand Five Hundred Dollars ($17,500.00).

9. Plaintiffs and Settlement Class Members who do not timely exclude themselves from the Settlement Class grant the following release:

> [A]ny and all claims, obligations, demands, actions, rights, causes of action and liabilities, whether known or unknown, against Releasees that were or could have been asserted in the Complaint based on the facts alleged for alleged unpaid wages, overtime compensation, liquidated or other damages, unpaid costs, restitution or other compensation or relief arising under Pennsylvania wage and hour laws, or Pennsylvania common law claims (including unjust enrichment or quantum meruit), from September 3, 2011 to October 9, 2015, in weeks when the individual worked for Defendant as a n Account Manager.

10. In addition, those Settlement Class Members that opted into the settlement grant the following additional release:

> any and all claims, obligations, demands, actions, rights, causes of action and liabilities, whether known or unknown, against Releasees that were or could have been asserted in the Complaint based on the facts alleged for alleged unpaid wages, overtime compensation, liquidated or other damages, unpaid costs, restitution or other compensation or relief arising under the FLSA, state wage and hour laws, or state common law claims (including unjust enrichment or quantum meruit) from September 3, 2011 to October 9, 2015 in weeks when the individual worked for Defendant as an Account Manager.

11. The terms of the Settlement Agreement are herein incorporated as part of this Order.

12. Consistent with the parties' agreement, in the event that any Settlement Class Member funds remain uncashed upon the 181st day following the initial payment of the Settlement Amount, such unclaimed funds should be donated to The Public Interest Law Center. No portion of the Residual Funds shall revert to or be retained by Class Counsel or Defendant for any reason.

13. Without affecting the finality of the judgment, this Court hereby reserves and retains jurisdiction over this settlement, including the administration and consummation of the terms of the settlement. In addition, without affecting the finality of this judgment, this Court retains exclusive jurisdiction over Defendant and each member of the Settlement Class for any suit, action, proceeding or dispute arising out of or relating to this Order, the Settlement Agreement or the applicability of the Settlement Agreement.

14. This Court finds, in accordance with Rule 54(b), that there is no just reason for delay in the enforcement of this Order. This action is hereby dismissed on the merits, with prejudice. The parties are to comply with all the terms of the Settlement Agreement and this Order. The Clerk of Court is directed to enter final judgment and to mark this matter **CLOSED**.

**BY THE COURT:**

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*